## TILTON et al. v. ÆTNA LIFE INS. CO. OF HARTFORD, CONN.

### No. 6959.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1933.

Rehearing Denied Jan. 13, 1934.

Waters Davis, of El Paso, Tex., for appellants.

Maury Kemp and M. Nagle, both of El Paso, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action, brought January 19, 1932, upon a policy of insurance upon the life of Warren C. Spurgin. Whether the insured was living or dead was the only question at issue. The plaintiffs, to prove that he was dead, offered evidence to the following effect: The insured disappeared from his home in Chicago in July, 1921. He was next seen alive in the city of Chihuahua, Mexico, where he remained until the fall of 1921, when he again disappeared, and had not since been seen or heard of by his family. Before departing from Chicago, he told his wife he was in financial difficulties and had to leave there immediately. His daughter had a letter from him which was mailed from Chihuahua in October or November of 1921, in which he expressed great affection for her and her mother, and stated that he would write again and send for them. To supplement this evidence, plaintiffs relied on the presumption of law that the insured, having absented himself for seven years, was dead, in the absence of proof that he was alive, within that time. Revised Civil Statutes of Texas, art. 5541. The defendant insurance company offered proof that the insured before he left Chicago had embezzled large sums of money from a bank of which he was president, that he was afterwards indicted and became a fugitive from justice; and, in order to prove that he was still alive within the seven-year period immediately preceding the bringing of suit, introduced the testimony of a witness who said he became acquainted with him in Chihuahua in the summer of 1921 and saw and talked with him in San Antonio in 1930; and introduced also the testimony of a detective who stated that he knew the insured while he lived in Chicago, and that he saw him in Salt Lake City and Ogden, Utah, in July, 1931. At the time of the trial suits were also pending on two other insurance policies issued by the defendant, and it moved to have the three cases consolidated; but upon objection by plaintiffs that motion was overruled. The case came on for trial on charges which were not excepted to, and resulted in a verdict in these words: "We, the Jury, find in favor of defendant." The judgment, after reciting that in the opinion of the court the verdict was a finding "to the effect that on the 1st day of July A. D. 1931 (the date insured was shown by the evidence to be alive), that the insured, Warren C. Spurgin, was still alive," was that plaintiffs take nothing by their suit, etc.; and then proceeded to declare that it should be without prejudice "to any right of plaintiffs to hereafter sue upon said policy * * * in the event of the death of said Warren C. Spurgin subsequent to the 1st day of July A. D. 1931, and prior to the expiration date of said policy, to-wit, during the time said policy may be in full force and effect."

The only assignment insisted upon, or open for consideration here, is that the trial court erred in refusing to set aside the judgment, on the ground that it precludes plaintiffs, in the event they are in the future forced to rely upon the presumption of death created by the absence of the insured for seven years, from bringing another suit before the expiration of seven years from July 1, 1931, the date upon which the court in construing the verdict held that the insured was still alive; and on the further ground that the judgment will, under the doctrine of stare decisis, have the effect of defeating the pending suits on the other two policies of insurance.

The verdict of the jury, apart from anything contained in the judgment, had the effect of determining that the insured was alive on January 19, 1932, the date this suit was

brought. The fact that the judgment undertook to fix an earlier date was at most harmless error. Plaintiffs cannot complain, since any error committed was in their favor. They sought a judgment which would establish that the insured was dead at the date of bringing suit. Since the verdict they invoked was against them, they cannot complain of its effect on their right to bring another suit upon the policy in question, or to proceed with the suits now pending on the other two policies. It was open to them, after the introduction of defendant's evidence, which tended to rebut the presumption of death and to show that the insured was alive within seven years, to dismiss this suit or take a nonsuit, and thereby avoid the effect of an adverse verdict and judgment. Revised Civil Statutes, art. 2182. Having elected to meet the issue tendered by defendant, they cannot now complain of whatever legal effect the judgment against them may have.

The judgment is affirmed.